UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY WORTH AND ROBERT BURNS, on behalf of themselves and others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>CVS PHARMACY, INC.,<br><br>      Defendant. | No. 16-cv-00498-SMG<br><br>**DECLARATION OF MICHAEL R. REESE IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR PAYMENT OF CLASS COUNSEL'S FEES, EXPENSES AND PAYMENT OF INCENTIVE AWARD TO THE CLASS REPRESENTATIVES** |

I, Michael R. Reese, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am the founding partner of Reese LLP, a law firm established in 2008 that specializes in class actions on behalf of consumers in federal and state courts throughout the United States. Reese LLP has offices in New York and California and focuses on litigation related to food and dietary supplements. I am an experienced class action attorney, having litigated class actions since 2000. I also have been as an adjunct professor since 2014 at Brooklyn Law School where I teach courses entitled "The Law of Class Actions and Other Aggregate Litigation" and "Food Law". I am a frequent lecturer and author on class actions and food related cases, with recent publications appearing in the Union International des Advocats' *Juriste International* and The American Bar Association's *General Practitioner*. I am an executive committee member of the Class Action Roundtable, where I have presented annually on matters related to class actions. I am also the head chairperson of the Cambridge Forum Food Law conference, which focuses on food fraud. I also co-host an annual food law conference that involves all stake-holders in food law and policy, with the fourth annual conference held on June 6-7, 2019 at the University of California, Los Angeles School of Law and co-hosted by UCLA Food Law Professor Michael Roberts. I am an advisory board member to both the UCLA Food Law and Policy Center and Wellness in the School (WITS), which promotes nutrition to children in schools. I have been appointed as class counsel in numerous cases throughout the United States, including several in the Eastern District of New York. Prior to entering private practice, I was a prosecutor at the New York County District Attorney's Office, where I prosecuted violent felony and white collar crime. I am a member in good standing of the state bars of New York and California, as well as numerous federal district and

appellate courts. I am one of the court-appointed Class Counsel[1] in the above-captioned action.

2. I respectfully submit this declaration in support of the motion by class representatives Jeffrey Worth and Robert Burns for Final Approval of the Class Action Settlement and the accompanying motion for payment of Class Counsel's fees; expenses and payment of an incentive award to the Class Representatives. Except as otherwise noted, the facts set forth in this declaration are based in part upon my personal knowledge, and I would competently testify to them if called upon to do so.

3. Class Counsel have been responsible for the prosecution of this Action and for the negotiation of the Settlement Agreement. We have vigorously represented the interests of the Settlement Class Members throughout the course of the litigation and settlement negotiations.

4. This Action arises out of Plaintiffs' allegations that defendant CVS Pharmacy, Inc.'s ("Defendant" or "CVS") representations that its Algal-900 DHA Product was "clinically shown to improve memory" and/or provided "clinically proven memory improvement" were false and misleading.

I. **Background of Litigation and Settlement Negotiations**

5. On February 1, 2016, Plaintiffs filed a complaint on behalf of themselves and a proposed class against Defendant challenging representation on the labeling, marketing, and advertising of Defendant's Products. *See* ECF No. 1 at ¶¶ 1–7. Plaintiffs allege the following causes of action: (1) violation of New York General Business Law ("GBL") Section 349; (2) violation of GBL Section 350; (3) violation of the Florida's consumer protection law; (4) fraudulent misrepresentation; (5) negligent misrepresentation; and (6) unjust enrichment.

6. Prior to filing of the complaint, Class Counsel conducted a thorough investigation of potential claims, ingredients, and the regulatory framework surrounding the Product at issue.

7. In April 2016, and from September 2018 through April 2019, CVS and Class

---

[1] Capitalized terms have the same meanings as those terms in the Settlement Agreement.

Counsel engaged in arm's length, good-faith negotiations in an effort to reach an amicable resolution to the action through a mediation process conducted by David Geronemus, Esq. of JAMS in New York.

8. Before entering into the Settlement Agreement, Class Counsel conducted an extensive review through examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the claims, potential claims, and potential defenses in the Action. As part of this investigation, Class Counsel obtained documents and other information from Defendant, including information concerning marketing, labeling, product formulation, and sales.

9. These negotiations spanned numerous phone calls, in-person meetings, correspondence, and were lengthy, detailed, arm's-length, and covered all aspects of the settlement. After lengthy, hard-fought negotiations, the Parties finally resolved all outstanding issues.

10. On April 5, 2019, Class Counsel and Defendant's Counsel finalized the material points of a settlement, and outlined those terms in a letter submitted to the Honorable Steven M. Gold. Those terms provided for both monetary and injunctive relief for Plaintiffs and the putative class. Thereafter, the Parties finalized work on the comprehensive Settlement Agreement, which was executed on May 8, 2019 and filed with the Court on May 10, 2019 (ECF No. 103-2). On May 28, 2019, this Court entered an order granting preliminary approval of the settlement (ECF No. 109).

11. As stated above, before entering into this Settlement Agreement, Class Counsel conducted an extensive and thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the claims, potential claims, and potential defenses asserted in this Action. As part of that investigation, Class Counsel obtained documents and other information from Defendant, including information concerning marketing, labeling, product formulation, sales and pricing information for the Products.

12. The overarching terms of the Settlement Agreement were resolved prior to the discussion of any attorneys' fees. The negotiations over the Settlement Agreement were conducted

by Class Counsel who are well versed in complex class action litigation as well as cases involving misrepresentations concerning food and dietary supplements. True and correct copies of the firm resumes of Class Counsel were previously submitted to the Court as Exhibits 2-5 to Declaration of Michael R. Reese in Support of Preliminary Approval.

13. The Settlement is an excellent result for the Settlement Class, as it provides the comprehensive relief Plaintiffs sought in their Complaint. Specifically, the Settlement provides that Defendant shall reimburse consumers for their purchases of the Products.

14. Defendant has denied, and continues to deny, that the marketing, advertising, and/or labeling of the Products at issue are in any way false, deceptive, or misleading to consumers or otherwise violate any legal requirement.

15. The Class Representatives and Class Counsel believe the claims are strong and are optimistic about obtaining class certification and succeeding on the merits. However, significant expense and risk attend the continued prosecution of the claims through trial and any appeals. In negotiating and evaluating the Settlement, Plaintiffs and Class Counsel have taken these costs and uncertainties into account, as well as the risks and delays inherent in complex class action litigation. Additionally, in the process of investigating and litigating the action, Class Counsel conducted significant research on the consumer protection statutes at issue, as well as the overall legal landscape, to determine the likelihood of success and reasonable parameters under which courts have approved settlements in comparable cases. In light of the foregoing, Class Counsel believe the Settlement preliminary approved by the Court provides significant relief to Settlement Class Members and is fair, reasonable, adequate, and in the best interests of the Settlement Class.

16. All complex class actions are uncertain in terms of ultimate outcome, difficulties of proof, and duration, and this Action is no different, where litigating the case to a successful judgment providing classwide relief will require that Plaintiffs, *inter alia*, prevail in their motion

to certify a class; potentially defend against summary judgment motion; and, ultimately obtain a class judgment following trial. This process, as with any class action litigation, will be fraught with risks at every stage, and at the end of the day, while Plaintiffs believe a reasonable consumer would find the challenged claims on the Product's labeling to be misleading, a jury might not agree. Litigation would also incur immense costs and expenses that ultimately would likely be assessed against any recovery by the Class, and may not result in any tangible recovery for years, especially if any appeal(s) were taken. These and other risks, when weighed against the significant benefits of the Settlement to the Settlement Class, the Plaintiff and Class Counsel to conclude that resolving the litigation under the terms of the Settlement Agreement is clearly in the best interests of Plaintiff and the Settlement Class.

17. As stated above, Class Counsel have expended significant time and effort in pursing this litigation. As of the date of this filing, September 6, 2019, Class Counsel have the following lodestar and costs in the matter:

| FIRM | LODESTAR | COSTS |
|---|---|---|
| REESE LLP | $363,706.25 | $10,610. 35 |
| MEHRI & SKALET PLLC | $649,562.00 | $17,764.41 |
| CENTER FOR SCIENCE IN THE PUBLIC INTEREST | $345,850.85 | $398.00 |
| KAPLAN FOX & KILSHEIMER, LLP | $65,625.00 | $0.00 |
| TOTAL | $1,424,744.10 | $28,772.76 |

18. A copy of Reese LLP time and expense is attached hereto as Exhibit 1. Time and expense records for Mehri & Skalet PLLC; Center for Science in the Public Interest; and, Kaplan Fox & Kilsheimer, LLP are attached to the Declaration of Steven Skalet; Declaration of Matthew Simon; and, the Declaration of Maia Kats, respectively.

19. The hourly rates in the time records are reflectively of the hourly rates charged by my firm in similar class actions that were granted final approval and are reflectively of the hourly rates charged in the New York.

20. The Court appointed Class Representatives – Jeffrey Worth and Robert Burns, were extensively involved in litigating this action, including by reviewing the Complaint and other case documents, communicating extensively with Class Counsel regarding the status of the case, and during the mediation and settlement negotiations of this matter.

21. Pursuant to Federal Civil Procedure Rule 23(e)(3) and Eastern District of New York Local Rule 23.1, as stated in the Settlement Agreement, Class Counsel have a fee split agreement where after reimbursement of costs incurred, Class Counsel will split fees as follows: Kaplan Fox & Kilsheimer, LLP: 11%; Reese LLP: 30%; Mehri & Skalet, PLLC: 30%; and, CSPI: 29%.

22. Plaintiffs and Class Counsel hereby inform the Court that no other agreements have been made in connection with the proposed Settlement apart from those identified in this motion and the Settlement Agreement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: September 6, 2019            **REESE LLP**

/s/Michael R. Reese
Michael R. Reese
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
mreese@reesellp.com

*Co-Lead Class Counsel*

# EXHIBIT 1

## REESE LLP LODESTAR

## CVS DHA ALGAL

| Attorney | Position | Hours | Hourly Rate | Lodestar |
|---|---|---|---|---|
| Michael R. Reese | Managing Partner | 303.25 | $875 | $265,343.75 |
| George V. Granade | Partner | 131.15 | $750 | $98,362.50 |
| TOTAL | | | | $363,706.25 |

## REESE LLP COSTS

| | |
|---|---|
| Complaint Filing Fee (EDNY) - | $400 |
| Trip to Chicago to intervene (May 9-10, 2016) – | |
| Taxi from U.W.S. to LGA; | $36.50 |
| Airfare to Chicago: | $259.20 |
| EL train from O'Hare to Downtown Chicago: | $5.00 |
| Hotel in Chicago: | $197.00 |
| EL Train from Loop to O'Hare: | $5.00 |
| Taxi from LGA to UWS: | $36.80 |
| Transcript: | $84.70 |
| Deposition of Mariano Aliano in Chicago (January 30, 2018) – | |
| Taxi to LGA: | $38.90 |
| Airfare to Chicago: | $132.60 |
| CTA to Loop: | $5.00 |
| Hotel: | $184.60 |
| | |
| Meal in Chicago during deposition (Café Bacci): | $25.25 |
| Meal in O'Hare (Frontera Grill): | $20.07 |
| | |
| Transport from LGA to UWS: | $37.68 |
| Six round trip trips from office to EDNY (via subway): | $30.00 |
| JAMS (mediation): | $3,475.00 |
| | $4,000.00 |
| | $1,637.05 |
| **TOTAL:** | **$10,610.35** |