UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jeff Worth and Robert Burns,<br><br>    Plaintiffs,<br><br>  v.<br><br>CVS Pharmacy, Inc., a Rhode Island Corporation,<br><br>    Defendant. | Case No. 2:16-cv-00498-SMG |

**ORDER CERTIFYING SETTLEMENT CLASS,
GRANTING FINAL APPROVAL OF SETTLEMENT, PAYMENT OF CLASS
COUNSEL'S FEES AND EXPENSES, PAYMENT OF INCENTIVE AWARDS TO THE
<u>CLASS REPRESENTATIVES AND ENTRY OF JUDGMENT</u>**

  This matter having been submitted to the Court by plaintiffs Jeff Worth and Robert Burns ("Plaintiffs") and the firms Center for Science in the Public Interest; Kaplan, Fox & Kilsheimer, LLP, Reese LLP; and, Mehri & Skalet, PLLC (collectively "Class Counsel") on behalf of the Plaintiffs and by CVS Pharmacy, Inc. ("CVS") by its counsel, by way of Plaintiffs' motion for final approval of the proposed settlement in the above captioned action;

  The Court has reviewed and considered Plaintiffs' motion for final approval and supporting materials filed by Class Counsel, has noted that no opposition or objections were filed and that only 7 persons opted out of the class. The Court conducted a hearing in open court on September 26, 2019 on the motion to approve the settlement and award fees and incentive payments.

Accordingly, this Court has fully considered the record and the requirements of law; and good cause appearing;

 IT IS THIS __ DAY OF September, 2019

 ORDERED that the Settlement (including all terms of the Settlement Agreement and exhibits thereto) previously filed with the Court on May 10, 2019 (ECF No. 103-2) is hereby approved and Judgement entered as follows:

 1. The Court has subject matter jurisdiction under 28 U.S.C. § 1332 and venue is proper in this district.

 2. The Court has personal jurisdiction over the Class Representatives, Settlement Class Members and CVS.

 3. The Settlement is the product of arm's length bargaining conducted by experienced legal counsel. The Settlement Agreement is not the result of collusion.

 4. The Settlement falls well within the range of reason. The Settlement has no obvious deficiencies.

 5. Because the Settlement meets the standards for final approval, the Court approves all terms of the Settlement, including the Settlement Agreement and all its exhibits.

 6. The Court finds that all requirements of Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) have been satisfied. The Court certifies a Settlement Class of all consumers in the United States who purchased one or more Algal-900 DHA Products, containing, on the label, and/or on the packaging, the claim that it is "clinically shown to improve memory" or offers "clinically shown memory improvement," on or after November 15, 2008, through September 30, 2016. Excluded from the membership are Defendant and its past and present parents, subsidiaries, divisions, affiliates, assignors, predecessors, successors and assigns; the past and present partners,

shareholders, managers, members, directors, officers, employees, agents, attorneys, insurers, accountants and representatives of any and all of the foregoing entities; any government entities; and persons who purchased the Algal-900 DHA Product for the purpose of resale.

7. The Court certifies the proposed Settlement Class, and finds that the requirements of Rule 23(a) are satisfied, as follows:

(a) Pursuant to Fed. R. Civ. P. 23(a)(1), the members of the Settlement Class are so numerous that joinder of all members is impracticable.

(b) Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(1)(B), the Court determines that there are common issues of law and fact for the Settlement Class.

(c) Pursuant to Fed. R. Civ. P. 23(a)(3), the claims of the Class Representative are typical of the claims of the Settlement Class that he represents.

(d) The Court hereby confirms Plaintiffs Jeff Worth and Robert Burns as Class Representatives. Pursuant to Fed. R. Civ. P. 23(a)(4), the Class Representatives have fairly and adequately protected and represented the interests of all members of the Settlement Class. The interests of the Class Representatives are not antagonistic to those of the Settlement Class. Based on the Settlement Agreement and the declarations filed in support of final approval the Court finds that Plaintiffs Worth and Burns are each entitled to an incentive award for their time and risk in serving as Class Representatives in the amount of $2,500, for a total in incentive awards of $5,000.

8. The Court further finds that the requirements of Rule 23(b)(2) are satisfied. Rule 23(b)(2) reads: "A class action may be maintained if . . . the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole . . . ." The Second Circuit has interpreted this to mean that class-wide injunctive relief provide benefit to all class

members (even if in different ways). *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 97 (2d Cir. 2015). Here, Defendant has not agreed to make the Challenged Claims for a period of no less than two years. *See* Settlement Agreement, § 3.3. Accordingly, the standard of Rule 23(b)(2) is met.

9. The Court further finds that the requirements of Rule 23(b)(3) are satisfied, as follows:

(a) Questions of law and fact common to the members of the Settlement Class predominate over questions that may affect only individual members; and

(b) A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

10. The Court previously approved the content of the Notice and the Claim Form satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and based on the declaration filed by KCC LLP, finds that the Notice and Claim Form were properly disseminated.

11. The Court, having reviewed the notice, the notice procedures, and the declaration of KCC LLP filed in these proceedings finds that the Members of the Settlement Class received the best notice practicable under the circumstances.

12. The Class Representative are represented by counsel who are experienced and competent in the prosecution of complex class action litigation and they vigorously and competently prosecuted this action. The Court finds that the following counsel have fairly and adequately represented the interests of the Class and hereby appoints Kaplan, Fox & Kilsheimer, Center for Science in the Public Interest; LLP; Reese LLP; and Mehri & Skalet, PLLC as Class Counsel pursuant to Rule 23(g). The Court has reviewed the declarations submitted by Class Counsel in connection with their request for reimbursement of costs and for fees and finds that the

request is modest and well justified in light of the lodestar incurred in prosecuting this case, the results achieved, the fact that the case was taken entirely on contingency, and that Class Counsel has not been paid at all to date for their efforts in this case, which was filed in 2016. The Court finds that the rates identified for Class Counsels' work are reasonable and consistent with rates charged by attorneys with comparable experience for comparable legal work. Accordingly, the Court awards the amount of $477,000 to Class Counsel for fees and costs, to be apportioned as agreed among Class Counsel.

13. The Court confirms the appointment of KCC LLC, to administer and oversee, among other things, the processing, handling, reviewing, and approving of claims made by Claimants; communicating with Claimants; and distributing payments to qualified Claimants.

14. The Court finds that the persons listed on Exhibit A have properly opted out of these proceedings and are not bound by the terms of this Order and Judgment. All other Class members are bound by this Judgment, regardless of whether they submit a Claim Form.

15. In order to receive a refund or reimbursement from CVS, members of the Settlement Class must mail to the Claims Administrator or submit electronically online through the Settlement Website, a properly executed Claim Form. To be effective, any such Claim Form must be postmarked or submitted electronically online through the Settlement Website no later than December 12, 2019, and must otherwise comply with the procedures and instructions set forth in the Claim Form.

16. To the extent not otherwise defined herein, all defined terms in this order shall have the meaning assigned in the Stipulation of Settlement.

17. Nothing in this Order and Judgment, the Settlement Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of

any violation of any statute or law or of any liability or wrongdoing by CVS, or an admission of the propriety of class certification for any purposes other than for purposes of the current proposed Settlement.

18.     The Court shall retain continuing jurisdiction over the Action, the Parties and the Settlement Class, and the administration, enforcement, and interpretation of the Settlement. Any disputes or controversies arising with respect to the Settlement shall be presented by motion to the Court.

Now, therefore, the Court hereby enters Judgment in favor of the Settlement Class, other than those persons listed in Exhibit A, against CVS Pharmacy, Inc., defendant, in accordance with this Order, with the parties to pay their own costs except to the extent modified by the Settlement Agreement or this Order.

**SO ORDERED**

Dated: September __, 2019              _____
                                                                Steven M. Gold
                                                                United States Magistrate Judge

## **EXHIBIT A – LIST OF EXCLUSIONS**

Angelica Chavez
Bradley Westpfahl
Danielle Richards
Donald Kilmer
Evelyn Christie
Joscy Hope
Kathleen Carlton